ROLLIN CHAMBERLAIN v. W. E. TAYLOR.[1]

November 13, 1936.

No. 30,953.

*Louis Solem,* for relator.
*C. E. Warner,* for respondent.

PER CURIAM.

Proceedings instituted before the industrial commission to recover compensation on account of an injury sustained by respondent.

The relator, W. E. Taylor, operates an automobile repair shop in the city of Minneapolis. Respondent, Rollin Chamberlain, was employed by relator until April 13, 1935. On that day, respondent, while engaged in removing a tire from a rim, was injured when the monkey wrench he was using slipped and struck him in the eye.

The matter was referred to a referee, who found for respondent, awarding compensation for the period of healing and loss of the left eye. On appeal the industrial commission affirmed the findings of the referee. The matter is before this court on *certiorari.*

Only one question is presented. Does the record support the finding that respondent's injury arose out of and in the course of his employment?

[1]Reported in 269 N. W. 525.

Relator contends that the injury did not result from an accident arising out of and in the course of respondent's employment because the injury occurred as a proximate result of wilful disobedience of explicit orders. It is claimed that relator instructed respondent a few moments before the accident not to use the particular tools he was using and to wait until he (relator) brought him the proper tool. Relator testified to this effect.

On the other hand, respondent testified as follows:

Q. "How did you come to use the screwdriver?

A. "He and I both was using the screwdriver; that is the only way it can be lifted up.

Q. "You say that Taylor told you to get the wrench, and he did not say what particular kind of wrench to get?

A. "No.

Q. "That was after you and he had been working on it together some?

A. "Yes, and he used the same wrench.

Q. "The same wrench you had been using?

A. "Yes, he had it in his hand and said he wanted to go out and handed me the wrench. This was not broken when Taylor told me to take it off. We had not got the rim broken.

Q. "You and Taylor had been trying to break it by use of the screwdriver and the wrench?

A. "Yes.

Q. "Then he said after that something about getting a wrench?

A. "No, he told me to get the wrench when we started to take it off at the beginning. When he saw this was broken off and we could not use it, he told me to get a wrench, and I walked over to the toolbox and picked up the monkey wrench, and he said, 'That's all right.' I inserted the screwdriver under the catch and put the monkey wrench on the catch in an up-and-down position and twisted it."

It was while using the screwdriver and the wrench referred to in the above testimony that respondent was injured. The record before us shows the evidence to be in conflict on the question of whether or not the employe was using the tools in direct violation

of relator's orders. The case is a typical one for the application of the principle that where there is a conflict in the evidence and the inferences raised thereby it is for the triers of fact to choose which to believe, and this court can pass only upon the question of whether or not their decision is reasonably supported by the record. Reinhard v. Universal Film Exch. Inc. 197 Minn. 371, 267 N. W. 223.

We hold that the decision of the industrial commission is amply supported by the evidence presented, and its decision must be affirmed.

Employe-respondent is allowed $100 attorney's fees in this court. So ordered.